UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 08-246-JBC**

**PAUL CARTER,**                                                                                    **PLAINTIFF,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**TOM PORTER, ET AL.,**                                                **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion to reconsider, R. 8, the court's order dismissing his claims against the defendants in their official capacities and partially dismissing the claims against the defendants in their individual capacities, R. 7. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

On May 15, 2008, the plaintiff, Paul Carter, filed a complaint, R. 1-5, in Fayette Circuit Court against the defendants, Tom Porter, Nathan Kent, and Jason Palmer, in their individual capacities and in their official capacities as officers of the Kentucky State Police. The plaintiff brings several federal and state-law claims against the defendants in relation to his arrest on October 14, 2006, and subsequent imprisonment. R. 1-5. The defendants removed the matter to this court on June 2, 2008. R. 1-4.

On November 11, 2008, the court granted the defendants' motion to dismiss all claims against them in their official capacities and to partially dismiss all claims

against them in their individual capacities except for those claims sounding in malicious prosecution.  R. 7.  The plaintiff then moved the court to reconsider its order.  R. 8.

A motion to reconsider is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir.  2002).  A Rule 59(e) motion may be granted where there is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice.  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.  1999).  Reargument is not an appropriate purpose for a motion to reconsider.  *Davenport v. Corrections Corp. of America*, 2005 U.S. Dist. LEXIS 22666, at *2-3 (E.D.Ky.  Oct. 4, 2005).

In his motion to reconsider, the plaintiff argues that the court erred by dismissing (1) all claims against the defendants in their official capacities; (2) all claims against the defendants in their individual capacities relating to false imprisonment; and (3) the claim of outrage.  R. 8.  The plaintiff does not assert that any new evidence has been obtained or that an intervening change of law has taken place.  Instead, he contends that the court made a clear error of law.  However, all of the issues raised by the plaintiff in the instant motion were thoroughly discussed in the previous order, and no clear error of law is apparent.  The plaintiff merely is attempting to reargue the motion, which is not a sufficient reason to support a motion to reconsider.  *Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D. Tenn.

1997) ("motions to reconsider are not at the disposal of parties who want to "rehash" old arguments"). Thus, the motion to reconsider must be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to reconsider, R. 8, is **DENIED**.


Signed on  April 6, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY