**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 08-246-JBC**

**PAUL CARTER,**                                                                                   **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**TOM PORTER, ET AL.,**                                                              **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the plaintiff's motion to remand, R. 12, which the court will deny because it is untimely.

The plaintiff filed this matter in Fayette Circuit Court, but the defendants removed it to this court on June 2, 2008, based on federal-question and supplemental jurisdiction.  The plaintiff alleged several federal- and state-law claims against the defendants in relation to his arrest on October 14, 2006, and subsequent imprisonment.  Upon the defendants' motion, the court dismissed all claims against the defendants in their official capacities and all claims against them individually, except for the malicious-prosecution claims.

The plaintiff contends that remand is proper because the court dismissed his federal-law claims, and only a claim for malicious prosecution under Kentucky law remains.  However, after the defendants pointed out that they interpreted the complaint as asserting malicious prosecution claims under both 42 U.S.C. § 1983 and Kentucky law, the plaintiff stated that he "continues to assert his remaining claims of a federal malicious prosecution action," R. 14.  He then argues that this

matter should be remanded because the Fayette Circuit Court would be the most appropriate venue to adjudicate his claims since the underlying prosecution occurred in that court.

The plaintiff acknowledges that a claim under federal law remains. The court, therefore, will construe his motion to remand as being made "on the basis of any defect other than lack of subject matter jurisdiction," 28 U.S.C. § 1447(c). Motions of this type "must be made within 30 days after the filing of the notice of removal." *Id.* The parties jointly removed the instant action to federal court on June 2, 2008, and the plaintiff moved to remand on April 27, 2009. Because the motion was made after 30 days of the filing of the notice of removal, it is untimely and must be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to remand, R. 12, is **DENIED**.

Signed on May 18, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

2