UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| PAUL CARTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:08-CV-246-REW |
| | ) | |
| v. | ) | OPINION and ORDER |
| | ) | |
| TOM PORTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Paul Carter, Jr. moved under Federal Rules of Civil Procedure 52(b) and 59(e)

for the Court to alter, amend, or vacate its summary judgment order and final judgment in this

matter. *See* DE #91 (Plaintiff's Motion); DE #89 (Opinion & Order); DE #90 (Judgment).

Defendants responded in opposition, and in the same document filed duplicatively, moved under

Rules 52(b) and 59(e) for reconsideration of the Court's determination to remand Plaintiff's

persisting state-law claim for malicious prosecution. *See* DE #92 (Response); DE #93 (Cross-

Motion).[1] The parties completed full briefing of the motions. *See* DE #94 (Reply to Plaintiff's

Motion); DE #96 (Response to Defendants' Motion); DE #97 (Reply to Defendants' Motion).

---

[1] Plaintiff properly criticizes Defendants' filing, which violates the Local Rule 7.1(a) requirement that motions be made with separate supporting memoranda. *See* LR 7.1(a); DE #96 (Response) at 1 (calling for Defendants' cross-motion to be read only as a response to Plaintiff's motion and not as any separate request for relief). That is, Defendants should not have joined their response to Plaintiff's motion and their cross-motion all into one document. The motion should have been made in a separate document, with a supporting memorandum attached as yet another document.

Plaintiff claims prejudice would result from considering Defendants' cross-motion on the merits, but never explains. *See* DE #96 at 1. In its discretion, the Court considers Defendants' cross-motion, finding that Plaintiff will suffer no prejudice from a merits consideration.

1

For the reasons detailed below, the Court **DENIES** Plaintiff's motion (DE #91) and

**DENIES** Defendants' motion (DE #93).

## I. Standard of Review

Under Rule 52(b), "[o]n a party's motion filed no later than 28 days after the entry of

judgment, the court may amend its findings – or make additional findings – and may amend the

judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed.

R. Civ. P. 52(b).[2] In turn, Rule 59(e) authorizes a district court to "alter or amend a judgment" in

the case of a clear error of law, newly discovered evidence, an intervening change in controlling

law, or manifest justice. *See* Fed. R. Civ. P. 59(e); *Henderson v. Walled Lake Consol. Schs.,* 469

F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir.

2005)). A party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously

considered. *See Tennessee v. Waters*, Nos. 3:10-CV-176, 3:10-CV-268, 2011 WL 540543, at *1

(E.D. Tenn. Feb. 8, 2011) (slip copy) (citing *Keweenaw Bay Indian Cmty. v. United States,* 940

F. Supp. 1139, 1141 (W.D. Mich. 1996)). Additionally, a party wishing to alter or amend a

judgment may not "raise arguments which could, and should, have been made before judgment

issued." *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.

---

[2]Both parties' references to Rule 52 are inapt; that rule concerns factual findings resulting from a non-jury trial. A summary judgment decision does not produce, and the Court did not here make, true factual findings in the sense of weighing competing evidence. *See, e.g., Wideman v. Colorado*, 2010 WL 749835, at *2 (D. Colo. 2010) (contrasting Rule 52(b) and Rule 59(e): "Rule 52(b) applies to findings of fact and conclusions of law entered after a non-jury trial and this rule is inapplicable to judgments entered under [Rule] 56.") (quotation omitted). Application of Rule 59(e), however, calls for like standards and yields a like result.

1998). Motions for reconsideration likewise do not allow the losing party to attempt to supplement the record with previously available evidence. *See Tolbert v. Potter,* 206 F. App'x 416, 417-18 (6th Cir. 2006); *Emmons v. McLaughlin,* 874 F.2d 351, 358 (6th Cir. 1989).

## II. Analysis

As a preliminary matter, the Court notes that both motions appear timely. The Court entered Judgment on March 1, 2011. *See* DE #90 (Judgment). On March 25, 2011, Plaintiff filed his motion to amend, and on March 28, 2011, Defendants filed their corresponding cross-motion. Both of these motions fall within the 28-day period allotted by Rule 59(e), so the Court considers the motions on their merits.

### A. Plaintiff's Motion

The Court has some difficulty discerning with specificity the catalog of Plaintiff's complaints, but in general, the Court understands the arguments to be the following:

- The Court erred in assessing probable cause. *See* DE #91-1 at 2, 11, 13-15.

- The Court erred in treating cause for the traffic stop as irrelevant to the federal malicious prosecution claim in the case. *See id.* at 3, 8-9.

- The Court erred in evaluating the record as to Palmer's reported use of marijuana on the day in question.  *See id.* at 6.

- The Court overlooked various other facts that would have established a genuine dispute of material facts. *See id.* at 6.

- The Court misunderstood the posture of the case after dismissal of claims by Chief Judge Coffman, the original presiding judge. *See id.* at 8.

- The Court erred by not holding an evidentiary hearing. *See id.* at 11.

- The Court incorrectly stated the elements of a federal malicious prosecution claim. *See id.* at 11-12.

These complaints almost all seek to re-litigate issues that the Court decided at summary

judgment. The Court addresses each – to the degree contextually necessary – in turn.

First, and as the Court previously determined, analysis of whether qualified immunity applies requires some assessment of probable cause because Plaintiff's claim alleges he should not have been subjected to prosecution without procedural due process, including appropriate probable-cause findings. *See* DE #89 (Opinion & Order) at 11-15. Moreover, the elements of a federal malicious prosecution claim include whether a lack of probable cause existed for criminal prosecution. *See id.* at 7. Put simply, then, the nature of Carter's claim made evaluation of probable cause necessary. Here, the Court simply applied recognized summary judgment principles to the question, determining that there are no genuine issues in dispute as to the particular cause analyses.  Courts regularly assess qualified immunity, with attendant probable-cause consideration at the summary judgment stage, based on the evidence placed into the record by opposing parties. *See id.* at 13. As a result, the Court sees no basis to afford Plaintiff relief by avoiding an assessment of probable cause or striking that portion of its summary judgment decision.

Next, alleged absence of probable cause for the traffic stop does not constitute an appropriate basis for a federal malicious prosecution claim in this case. Here, Porter stopped Carter without a warrant, so no formal process provided the basis for the stop.  As the Court noted earlier, the stop itself is distinct legally (in the context of a § 1983 claim) from the prosecution.  Further, and more importantly, the Court again stresses that Judge Coffman's earlier dispositive ruling eliminated claims regarding the stop and pre-trial detention. Carter now calls cause for the stop "the only extant triable issue touching upon malicious prosecution."  DE #91-1 at ¶ 19.  This ignores the state of the case.  Stop-related claims are time-barred, per the

4

unaltered decision of Judge Coffman.

Third, Plaintiff emphasizes that he did not acknowledge smoking marijuana earlier on the day in question until his deposition in this case. The Court originally quoted a supporting excerpt from the deposition, an excerpt that did not address the timing of the admission. *See id.* at 22-23. The Court also noted Palmer's preliminary hearing testimony in which he attributed such an admission to Carter. Whether made at the time of arrest or later, a concession of marijuana use on the date in question buttresses the view of other evidence in the case, to include the roaches in the car, ingestion of marijuana, the field tests, Carter's eyes, and Carter's conduct on the video. The use that day was only one of many factors, and the record supports the Court's prior calculus.

Fourth, Plaintiff baldly asserts that the Court overlooked key facts that would have established a genuine and material dispute. However, Carter fails to identify exactly which material facts create specifically what dispute. To be thorough, the Court exhaustively reviewed the record in this matter one more time as to each matter addressed in the prior Opinion & Order, and the Court still perceives no genuine dispute of material facts such that judgment would not be appropriate as a matter of law. Plaintiff may disagree, but he certainly has not shown any basis for granting relief here.

Next, the Court reassessed the posture of the case prior to summary judgment, and the Court sees no reason to depart from its previous evaluation – that only federal and state malicious prosecution claims remained. *See* DE #7 (Memorandum Opinion & Order) at 11; DE #89 at 4. Carter's argument appears primarily to be further misunderstanding of the federal malicious prosecution claim's limits and an effort to re-argue that the stop could undergird such a claim in

this case. Nonetheless, to review, Judge Coffman dismissed the claims against Defendants in their official capacities. *See* DE #7 at 11. Additionally, she dismissed the claims against Defendants in their individual capacities "with the exception of plaintiff's state law and federal claims sounding in malicious prosecution." *See id.* This dismissal expressly included Plaintiff's claims for wrongful arrest and false imprisonment; the events of the stop, arrest, and imprisonment crystallized into claims that the passage of time pre-filing bars. *See id.* at 7-8. Carter's malicious prosecution claim does not encompass (and conceptually can not encompass) the stop.

Sixth, the Court need not have held a hearing because, in the Court's discretion, the briefing, with attendant evidence presented, effectively resolved the summary judgment matter. *See* LR 7.1(f) (providing that parties may request a hearing or oral argument, but not stating such to be required); LR 7.1(g) (noting that no hearing or oral argument must occur on motions prior to submission of those motions for decision); *see, e.g.*, *Smith v. School Bd. of Orange Cty.*, 487 F.3d 1361, 1367 (11th Cir. 2007) ("It is well settled in this circuit that Rule 56(c) does not require an oral hearing.") (internal quotations and citation omitted); *AD/SAT, Div. of Skylight, Inc. v. Associated Press*, 181 F.3d 216, 226 (2d Cir. 1999) ("We have held that a district court's decision whether to permit oral argument rests within its discretion.") (citation omitted). An *evidentiary* hearing would be foreign in the context of summary judgment, where the decision rests on the record, not contested proof.  All parties had notice of the motions, representation by counsel, and a full and fair opportunity to argue their motions on brief and to submit evidence into the record. Moreover, Plaintiff has not shown any prejudice resulting from the Court's decision not to conduct a hearing.

Finally, having again reviewed the caselaw, the Court stands by its articulation of the elements of a federal malicious prosecution claim. *See* DE #89 at 7. Carter has provided no credible argument to construct the claim any differently, given current Sixth Circuit law directly on point. *See id.*

For the reasons explained, the Court **DENIES** Plaintiff's motion (DE #91).

## B. Defendants' Motion

Defendants request that the Court alter or amend its prior Judgment to hold that summary judgment be granted on all claims with no remand to Fayette Circuit Court. *See* DE #93 at 5-6. As basis, Defendants argue that the case had proceeded to a point where remand would result in judicial inefficiency. *See id.* That is, the parties had completed "substantial discovery" and even filed almost all pretrial compliance. *See id.* Further, Defendants assert that, since probable cause serves as a central element of both federal and state law malicious prosecution claims, the Court's conclusions as to probable cause effectively resolve the case anyway, making remand a wasteful exercise. *See id.*

As with the majority of Plaintiff's arguments, Defendants' contention reflects an effort to re-litigate a matter already decided on summary judgment. Here, Defendants effectively assert that the Court incorrectly assessed or at least misunderstood the degree to which the case had progressed on the merits, as well as how the summary judgment decision in this case would impact any possible state proceedings on remand. As the Court previously described, *see* DE #89 at 29-30, federal courts should avoid needlessly deciding state-law issues where the basis for federal jurisdiction no longer exists. While Defendants may contend that this Court's findings make any state-court proceedings a mere formality, Plaintiff sees the matter differently, opposes

7

Defendants' motion, and seeks remand to continue the fight. The stage of the case makes this call somewhat tougher, as Defendants credibly argue, but the Court finds that Plaintiff may have arguments to articulate on the state-law claim and should be able to make those to a learned state court, rather than see this federal court evaluate the remaining state law claim. The scope of the state claim may be greater or formulated differently than the federal counterpart, or the effect of limitations may be different;  this Court does not decide these possibilities.  That discovery has been mostly completed and that pretrial filings have been made serve as factors in the Court's decision and weigh toward completing the evaluation here, but these are non-dispositive factors, where the Court also must weigh the limits of federal jurisdiction and the fact that the state-court proceedings may not be as conclusively resolved as Defendants would imagine at this point. Further, the case began in the state forum, and the Court believes the remaining state claim should end there.

For these reasons, the Court **DENIES** Defendants' motion for relief (DE #93) under Rules 52(b) and 59(e).[3]

\* \* \*

For the reasons described, the Court  **DENIES** Plaintiff's motion (DE #91) and **DENIES** Defendants' motion (DE #93).

This the 1st day of February, 2012.

---

[3]The Court will not enter a separate judgment with the instant Opinion and Order. Pursuant to Federal Rule of Civil Procedure 58(a)(2) and (4), no separate judgment is required for orders disposing of motions made under Rules 52(b) or 59.

Signed By:

**Robert E. Wier**

**United States Magistrate Judge**